**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE E. BOYD,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

_____

GEORGE E. BOYD,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 04-2124
(D.C. No. CIV-03-250 JB/RHS)
(D. N.M.)

No. 04-9001
(Tax Court No. 2926-03L)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Petitioner-appellant George E. Boyd, proceeding pro se, has filed these two related appeals, challenging procedures of the Internal Revenue Service in levying on his property to collect unpaid income tax liabilities. We affirm the judgment of the tax court in No. 04-9001 and the judgment of the district court in No. 04-2124, *see Boyd v. United States,* 322 F. Supp. 2d 1229 (D.N.M. 2004).

### Appeal No. 04-9001

In 1998 and 2000, the IRS issued notices of deficiency to Mr. Boyd for tax years 1996, 1997, and 1998. In response to the notices, Mr. Boyd made the groundless argument that he, as a United States citizen and resident, was not required to pay taxes on the income derived from sources within the United States. The IRS assessed the tax, penalties, and interest for the relevant years, then sent Mr. Boyd notices of balance due: $26,190 for 1996, $17,252 for 1997, and $29,763 for 1998. [1] In May 2002, the IRS mailed to Mr. Boyd final notices of

---

[1] The notice of balance also includes a $500 penalty for 1997, assessed under 26 U.S.C. § 6682 for allegedly filing false withholding information. Mr. Boyd's appeal concerning that penalty is the subject of Appeal No. 04-2124.

-2-

intent to levy and of the right to a collection due process hearing under 26 U.S.C. § 6330.[2]

Mr. Boyd requested a hearing, stating his intention to make an audio recording of the proceeding. He also attached a twelve-page statement, which argued against the legality of the assessed taxes and requested additional documentation. The IRS Appeals Office notified Mr. Boyd that it had scheduled a January 9, 2003, hearing and informed him of its policy prohibiting any recording. When Mr. Boyd arrived at the appointed time, the appeals officer gave him copies of transcripts of his accounts for the relevant tax years. Because Mr. Boyd insisted on recording the proceeding, however, the appeals officer refused to conduct a face-to-face hearing.

---

[2] Section 6330 provides that "[n]o levy may be made . . . unless the Secretary has notified such person in writing of their right to a hearing." *Id.* at (a)(1). If a taxpayer requests a hearing, then the Internal Revenue Service Office of Appeals must hold one. *Id.* at (b)(1). At the hearing, the appeals office should "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." *Id.* at (c)(1). Hearing issues relating to the unpaid tax or proposed levy include "appropriate spousal defenses . . . challenges to the appropriateness of collection actions; and . . . offers of collection alternatives." *Id.* at (c)(2)(A). The taxpayer may only "challenge[] . . . the existence or amount of the underlying tax liability for any tax period if [he] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." *Id.* at (c)(2)(B).

After a review of the record, an appeals officer issued a notice of determination sustaining the proposed levy. Mr. Boyd appealed to the tax court, asserting that the appeals officer did not properly determine whether legal and procedural requirements had been met. He specifically argued that the requested collection due process hearing should have been held, and that he should have been allowed to record it. The tax court entered summary judgment in favor of the Commissioner and, under 26 U.S.C. § 6673, imposed a penalty of $2,500 for instituting a proceeding primarily for purposes of delay. On appeal, Mr. Boyd argues that the tax court: (1) should have set aside the notice of determination for lack of a § 6330 hearing; (2) considered materials outside of the administrative record; and (3) improperly imposed the penalty.

Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we review the legal determinations of the tax court de novo, *Estate of True v. Comm'r*, 390 F.3d 1210, 1217 (10th Cir. 2004), its factual findings for clear error, *id.*, and its imposition of sanctions for abuse of discretion, *Fox v. Comm'r*, 969 F.2d 951, 953 (10th Cir. 1992). Under tax court rules,

> [s]ummary judgment may be granted with respect to . . . the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

*Keene v. Comm'r*, 121 T.C. 8, 14 (U.S. Tax Ct. 2003) (quoting T.C. Rule 121(b)).  After a careful review of the record, we conclude that none of Mr. Boyd's arguments have merit.

We agree with the tax court that, even assuming that Mr. Boyd was entitled to record his collection due process hearing, it was "not necessary, and would not be productive, to remand this case to the Appeals Office in order to afford [him] another administrative hearing." R., doc. 17 at 13. [3]  "The 'rule of prejudicial error' (otherwise the doctrine of harmless error), as applied to an administrative action, provides that the reviewing court shall disregard procedural errors unless the complaining party was prejudiced thereby." *Keene,* 121 T.C. at 21 (Halpern, J., concurring).  Mr. Boyd has failed to present any reasoned explanation of why, after a recorded hearing, the Appeals Office would reach a different result.

Next, we reject Mr. Boyd's claim that the tax court improperly reviewed material not contained in the administrative record.  Although the Commissioner submitted forms prepared after the notice of determination, this procedure does not constitute error.  These forms merely summarized and confirmed the contents of computer records examined by the appeals officer.  As such, they were admissible in the tax court's summary judgment proceedings.

---

[3]  The United States Tax Court has held that a taxpayer is entitled to make an audio recording of his § 6330 hearing with the Appeals Office.  *Keene,* 121 T.C. at 16.

Finally, we turn to the tax court's imposition of a $2500 fine against Mr. Boyd. The tax court is authorized to impose a penalty not to exceed $25,000 on a taxpayer when it appears that he instituted a proceeding primarily for delay. 26 U.S.C. § 6673(a)(1)(A). From our review of the briefs and the record, we discern no legal error in the administrative or tax court proceedings below and we perceive no merit in Mr. Boyd's arguments. The tax court did not abuse its discretion in sanctioning Mr. Boyd.

### No. 04-2124

This matter raises the same issues and arises from the same facts as No. 04-9001, though it specifically concerns the Notice of Intention to Levy to collect a $500 penalty from Mr. Boyd for an allegedly false withholding statement. *See* 26 U.S.C. § 6682 (providing for civil penalties for false statements made in connection with the withholding of income taxes). The district court, rather than the tax court, had jurisdiction over this aspect of Mr. Boyd's case. "It is well settled that [the tax court] lacks jurisdiction to redetermine such penalties." *Weber v. Comm'r*, 122 T.C. 258, 264 (U.S. Tax Ct. 2004) (citing § 6682(c)). And § 6330(d)(1)(B) provides that a taxpayer may appeal a determination from a collection due process hearing to the district court if the tax court does not have jurisdiction over the underlying liability.

-6-

In the district court, Mr. Boyd again argued that the administrative decision should be set aside for the denial of his request for an audio recording of the collection due process hearing and the subsequent lack of a face-to-face proceeding. The district court granted summary judgment against Mr. Boyd and in favor of respondent for several reasons. It held that: (1) Mr. Boyd was not entitled to make an audio recording of the collection-due process hearing, so that his insistence on recording amounted to a waiver of any right to a hearing, *Boyd*, 322 F. Supp.2d at 1232-33; (2) the appeals officer's review of written materials submitted by Mr. Boyd demonstrated an awareness of his arguments, *id.* at 1233; (3) in any event, the refusal to permit an audio recording was at most harmless error, *id.* at 1233-35; (4) Mr. Boyd's arguments did not overcome the presumption that the assessments were valid, *id.* at 1235-36; and (5) the IRS satisfied all statutory notice and assessment requirements, *id.* at 1236.

On appeal, Mr. Boyd asserts that the district court erred in declining to set aside the administrative decision and in improperly conducting a trial de novo instead of confining itself to the existing administrative record. Our review of the record on appeal and consideration of the parties' briefs reveals that Mr. Boyd has asserted no creditable arguments. Under the circumstances of this case, the district court correctly entered summary judgment.

## Conclusion

We affirm the judgment of the tax court in No. 04-9001 and the judgment of the district court in No. 04-2124.  The mandates shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge