T.C. Memo. 2011-24


UNITED STATES TAX COURT


ESTATE OF JOSEPH L. MANGIARDI, DECEASED, JOSEPH L. MANGIARDI
DECLARATION OF TRUST DATED FEBRUARY 13, 1998, MAUREEN G.
MANGIARDI, CO-TRUSTEE AND STATUTORY EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3958-08L.              Filed January 27, 2011.


        P filed a petition for judicial review pursuant to sec.
6330(d)(1), I.R.C., in response to R's determination that
levy action was appropriate.

        <u>Held</u>:  R's determination to maintain the levy to
protect the Government's interest does not constitute
an abuse of discretion.  R's determination to proceed
with collection action is sustained.


<u>W. Morgan Speer</u>, for petitioner.

<u>John T. Lortie</u>, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on a petition for judicial review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  The Estate of Joseph Mangiardi, Deceased, Joseph L. Mangiardi Declaration of Trust Dated February 13, 1998, Maureen G. Mangiardi, Co-Trustee and Statutory Executor (petitioner), seeks judicial review of respondent's determination to proceed with a proposed levy with respect to petitioner's estate tax liability.  The sole issue for decision is whether respondent's determination to proceed with a proposed levy for collection of unpaid estate tax liability constitutes an abuse of discretion.

## Background

This case was submitted fully stipulated pursuant to Rule 122.  The parties' stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.  The estate's legal residence was Florida at the time the petition was filed.  The cotrustee of the previously referenced trust (trust) and statutory executor of the estate, Ms. Maureen G. Mangiardi, resided in the State of New York at the time the petition was

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

filed. Dr. Joseph L. Mangiardi (decedent), who established the trust, which was revocable during his lifetime, was a resident of the State of Florida when he died on April 5, 2000.

On July 5, 2001, petitioner filed a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, showing an unpaid estate tax liability of $2,621,810. The Form 706 stated that the value of the gross estate was $8,050,042 but that most of decedent's assets were not subject to distribution thorough probate. The nonprobate assets of decedent's estate included the trust, valued at $4,577,360 as of the alternate valuation date, and individual retirement accounts (IRAs) decedent held totaling $3,433,007. The IRAs ultimately passed by contract under applicable State law to decedent's nine children (the beneficiaries).

Petitioner filed an amended Form 706 on December 28, 2001. The Form 706 was selected for examination; however, no additional assessment was made. Instead, an abatement of tax of $143,152 was made on December 22, 2003.

Pursuant to section 6161, petitioner requested a total of six extensions to pay the estate tax liability, all of which respondent granted. Petitioner's final Form 4768, Application for Extension of Time To File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes, was submitted in June 2004. The attachment to the Form 4768 requested an additional 12

months until July 5, 2005, "to pay estate taxes under the hardship provisions of Treasury Regulations 20.6161-1(a)(2) or in the alternative, request is made under the reasonable cause provisions of Treasury Regulations 20.6161-1(a)(1)."  Petitioner claimed that "the assets in the gross estate which must be liquidated to pay the estate tax can only be sold at a sacrifice price or in a depressed market, if the tax is to be paid on the above referenced <u>extended</u> due date."  The unliquidated value of the trust account as of May 31, 2004, was approximately $542,713.60.  Hence, "the <u>liquidation</u> of the securities in this account at this time" would have resulted in a substantial loss to the estate and the beneficiaries.  The attachment to the Form 4768 provided a detailed description of the events that led to the devaluation of the assets in the trust account.

On September 20, 2004, respondent approved petitioner's request for additional time to pay the estate tax liability, but only until December 5, 2004, and advised petitioner that no further extensions to pay the estate tax would be granted beyond that date.  Respondent's letter warned:

> The extension to pay is only being allowed until 12/5/2004 because, if the liability is not paid in full by that date, the IRS will begin making transferee assessments against the heirs of the estate that received assets and have not paid to the IRS their portion of the estate tax and interest owed.  We can not provide any additional time because we must ensure that the transferee assessments are made prior to the assessment expiration date to make those assessments.

The estate tax liability remained unpaid after the extended deadline of December 5, 2004.  On July 13, 2006, respondent sent to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), for the unpaid estate tax liability.  Petitioner timely submitted Form 12153, Request for a Collection Due Process Hearing (CDP hearing request), in response to the levy notice.

Internal Revenue Service Office of Appeals (Appeals) Settlement Officer David C. Varnerin (Mr. Varnerin), conducted the CDP hearing through a series of conferences and/or communications with petitioner commencing on October 11, 2007.  At the CDP hearing petitioner claimed that respondent was precluded from collecting the estate tax liability from the IRA beneficiaries because the time for making a transferee assessment under section 6901 had expired.  Accordingly, petitioner requested that the estate tax liability be resolved through an offer-in-compromise in which petitioner would offer a reduced amount based on doubt as to collectibility of the remaining assets in the trust.

Mr. Varnerin sought legal advice from respondent's counsel as to whether the unpaid estate tax liability could be collected. Counsel responded via memo dated December 5, 2007 (counsel's memo), stating that the estate tax liability could be collected either from the executor/personal representative under 31 U.S.C.

section 3713 or from the beneficiaries by enforcing the estate tax lien under section 6324(a)(2) without a prior assessment against the transferees under section 6901.

On January 11, 2008, respondent sustained the proposed levy action and issued to petitioner a notice of determination. In issuing the notice of determination, Mr. Varnerin relied on counsel's memo but made a clerical error by stating that an assessment could be made against transferee/beneficiaries under section 6901. Mr. Varnerin intended that the notice of determination state that a lawsuit could be brought against the transferee/beneficiaries under section 6324(a)(2). On February 14, 2008, petitioner filed a petition in this Court to review respondent's intended collection action.

## Discussion

### I. Section 6161 Extension of Time To Pay Estate Tax Liability

The Commissioner may, pursuant to section 6161(a)(2), for reasonable cause upon request of the executor extend the time for payment of the tax shown on the estate tax return, for a reasonable period not in excess of 10 years. The extension may be granted in up to 12-month chunks if "an examination of all the facts and circumstances discloses that such request is based upon reasonable cause." Sec. 20.6161-1(a)(1), Estate Tax Regs. Under the regulations prescribed by the Commissioner, if "the district director finds that payment on the due date * * * would impose

undue hardship upon the estate," he may extend the payment due date as detailed in the applicable regulations.[2]  Sec. 20.6161-1(a)(2)(i), Estate Tax Regs.  "[U]ndue hardship" involves more than mere inconvenience.  A taxpayer claiming undue hardship must show that the estate would sustain a very substantial and severe financial loss if forced to pay a tax on the due date; i.e., that "The assets in the gross estate which must be liquidated to pay the estate tax can only be sold at a sacrifice price or in a depressed market if the tax is to be paid when otherwise due." Sec. 20.6161-1(a)(2)(ii), Example (2), Estate Tax Regs.

A Federal agency is bound to follow its own regulations. Twp. of S. Fayette v. Allegheny Cnty. Hous. Auth., 27 F. Supp. 2d 582, 595 (W.D. Pa. 1998) (citing United States v. Nixon, 418 U.S. 683, 695-696 (1974)), affd. without published opinion 185 F.3d 863 (3d Cir. 1999).  "An agency of the government must scrupulously observe rules, regulations, or procedures which it has established.  When it fails to do so, its action cannot stand

---

[2]While Congress amended sec. 6161(a)(2) in the Tax Reform Act of 1976, Pub. L. 94-455, sec. 2004(c), 90 Stat. 1867, to substitute the words "reasonable cause" for "undue hardship", the regulations have never been updated to reflect this change. Nevertheless, we refer to them here because the legislative history indicates clearly that reasonable cause is intended to be a less restrictive standard than undue hardship.  Thus, one who would satisfy the latter should also satisfy the former test. Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, at 555-558 (J. Comm. Print 1976), 1976-3 C.B. (Vol. 2) 1, 555-558.

and courts will strike it down." United States v. Heffner, 420 F.2d 809, 811 (4th Cir. 1969).

Respondent claimed he could not grant petitioner any additional time to pay the estate tax liability beyond December 5, 2004, because he needed to make transferee assessments against the heirs of the estate, i.e., the beneficiaries, before the section 6901 assessment expiration date. However, respondent has never made such assessments and now asserts that a transferee assessment under section 6901 is not required before personal liability can be imposed under section 6324(a)(2).

If respondent's assertion is correct, then respondent did not properly apply his own regulations under section 6161. Those regulations regarding undue hardship and reasonable cause should have been fully considered in September 2004 before denying petitioner's request for a 12-month extension to pay the estate tax liability and announcing that no further extensions would be granted without regard to any facts which might exist in the future. However, the record indicates that respondent made no such consideration. Instead, he did not fully allow the requested extension and prematurely denied any additional requests by petitioner under section 6161 for an extension to pay the estate tax liability.

On the inconsistent and poorly developed record before us, we are unable to decide whether respondent abused his discretion in

denying petitioner's request for an extension of time to pay the estate tax liability.[3]  However, given that the maximum allowable extension of time under section 6161(a)(2) (10 years) expired on January 5, 2011, remanding the case to Appeals for further consideration of this issue would prove unproductive, as the issue is now moot.

II.  Levy Action

Section 6331(a) authorizes the Commissioner to levy upon property or property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made.  Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax liability only if the Commissioner has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Commissioner to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the first levy is made.

If an administrative hearing is requested in a levy case, the hearing is to be conducted by Appeals.  Sec. 6330(b)(1).  At the hearing the Appeals officer conducting it must verify that the

---

[3]The Court also previously denied respondent's May 15, 2008, motion for summary judgment, which was predicated on essentially the same facts as those in the stipulation which accompanied the Rule 122 motion.  In denying that motion, Judge Thornton noted that there were material factual questions still unresolved and thus summary judgment was inappropriate at that time.

requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1).

A taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment agreement.  Sec. 6330(c)(2); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.  Following the hearing, the Appeals officer must determine, among other things, whether the proposed collection action should proceed.  In making the determination the Appeals officer shall take into consideration:  (1) Whether the requirements of all applicable laws and administrative procedures have been satisfied; (2) any relevant issues raised by the taxpayer during the section 6330 hearing; and (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

This Court has jurisdiction to review the Appeals officer's determination.  Sec. 6330(d)(1).  Where the taxpayer's underlying liability was not properly at issue in the hearing, we review the determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  An Appeals officer's determination is not an abuse of discretion unless the determination is arbitrary, capricious, or

without sound basis in law or fact. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007); <u>Freije v. Commissioner</u>, 125 T.C. 14, 23 (2005).

Petitioner claims that respondent applied the law erroneously in sustaining the collection action and improperly determined that a section 6901 assessment was not required before instituting collection action against the beneficiaries under section 6324(a)(2). Petitioner further argues that respondent abused his discretion by "refusing to consider any compromise" and denying petitioner's offer-in-compromise based on doubt as to collectibilty.

Respondent argues that Mr. Varnerin did not abuse his discretion by upholding the proposed collection action against petitioner because respondent can collect the full estate tax liability from the beneficiaries pursuant to section 6324(a)(2) without a prior assessment against them under section 6901. Respondent claims that any erroneous application of law was harmless error and that Mr. Varnerin verified that respondent followed all relevant legal and administrative procedures regarding the collection of the estate tax liability before making his determination to sustain the levy.

A. <u>Section 6901 Assessment</u>

Both petitioner's and respondent's arguments turn on whether a section 6901 assessment is required before the initiation of

collection action under section 6324(a)(2).  Few courts have considered this issue directly; however, the Courts of Appeals for the Third Circuit and the Tenth Circuit have held that respondent may collect estate tax from a transferee pursuant to section 6324(a)(2) without a prior assessment against the transferee under section 6901.  United States v. Geniviva, 16 F.3d 522, 525 (3d Cir. 1994); United States v. Russell, 461 F.2d 605, 607 (10th Cir. 1972).

This Court has found those cases to be persuasive and well reasoned.  Ripley v. Commissioner, 102 T.C. 654, 659 (1994).  In its holding in United States v. Geniviva, supra at 525, the Court of Appeals for the Third Circuit noted "a certain sorrow that what seems inherently unfair is also quite in accordance with the law".  We also sympathize with the beneficiaries of decedent's estate in that years later they find themselves at risk of forfeiting their inheritance without prior notice, especially after respondent had ample opportunity to make assessments against them.  Nevertheless, as discussed above it has previously been determined that a section 6901 assessment is not required before initiation of collection action under section 6324(a)(2).

B.  Respondent's Denial of Petitioner's Offer-in-Compromise

Among the issues that may be raised at Appeals and are reviewed for abuse of discretion are "offers of collection alternatives" such as offers-in-compromise.  Sec. 6330(c)(2)(A)(iii).  The Court reviews the Appeals officer's

rejection of an offer-in-compromise to decide whether the rejection was arbitrary, capricious, or without sound basis in fact or law and therefore an abuse of discretion.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 122 T.C. 19, 23 (1999).

Section 7122(a) authorizes the Commissioner to compromise any civil case arising under the internal revenue laws.  In general, the decision to accept or reject an offer, as well as the terms and conditions agreed to, are left to the discretion of the Commissioner.  Sec. 301.7122-1(c)(1), Proced. & Admin. Regs. However, regulations promulgated under section 7122 provide:  "No offer to compromise may be rejected solely on the basis of the amount of the offer without evaluating that offer under the provisions" of the law, regulations, and the Commissioner's "policies and procedures regarding the compromise of cases."  Sec. 301.7122-1(f)(3), Proced. & Admin. Regs.

The grounds for compromise of a tax liability are doubt as to liability, doubt as to collectibility, and promotion of effective tax administration.  Sec. 301.7122-1(b), Proced. & Admin. Regs. Petitioner based the offer-in-compromise on doubt as to collectibility, which "exists in any case where the taxpayer's assets and income are less than the full amount of the liability." Sec. 301.7122-1(b)(2), Proced. & Admin. Regs.

The Commissioner will generally compromise a liability on the basis of doubt as to collectibility only if the liability exceeds

the taxpayer's reasonable collection potential; "i.e., that amount, less than the full liability, that the IRS could collect through means such as administrative and judicial collection remedies".  Murphy v. Commissioner, supra at 309-310.  The Commissioner has no duty to negotiate with a taxpayer before rejecting the taxpayer's offer-in-compromise.  Fargo v. Commissioner, 447 F.3d 706, 713 (9th Cir. 2006), affg. T.C. Memo. 2004-13; Catlow v. Commissioner, T.C. Memo. 2007-47, affd. in part and vacated in part sub nom. Keller v. Commissioner, 568 F.3d 710 (9th Cir. 2009).

Petitioner argues that the reasonable collection potential should not include any amount which respondent could collect from the beneficiaries through an action in equity under section 6324(a)(2) because the statute of limitations for making a transferee assessment under section 6901 has expired.  However, this Court determined supra that respondent is not required to make a section 6901 assessment before initiating collection action under section 6324(a)(2).  Therefore, any amount of the unpaid estate tax liability that respondent could collect from the beneficiaries should be included in petitioner's reasonable collection potential; i.e., the amount of the IRA distributions.

Petitioner offered the remaining assets in the estate (approximately $700,000) as an offer-in-compromise; however, respondent determined petitioner's reasonable collection potential to be at least $3 million given that the beneficiaries received

$3,433,007 in IRA distributions. Because petitioner did not offer an acceptable amount, respondent did not abuse his discretion in rejecting petitioner's offer-in-compromise.

C. Harmless Error

If infected by an error of law, the determination of the Appeals officer may be set aside. Swanson v. Commissioner, 121 T.C. 111, 119 (2003); Perkins v. Commissioner, T.C. Memo. 2008-103. However, if the error is harmless and causes no prejudice or does not affect the ultimate determination in the case, the Court should not find an abuse of discretion. See, e.g., Perkins v. Commissioner, 129 T.C. 58 (2007); Boyd v. Commissioner, 322 F. Supp. 2d 1229 (D.N.M. 2004), affd. 121 Fed. Appx. 348 (10th Cir. 2005).

None of respondent's questionable actions, as of the present time, prejudice petitioner or affect respondent's conclusion that a lawsuit can be brought against the beneficiaries under section 6324(a)(2) to collect the unpaid estate tax liability.

The facts do not establish a currently existing abuse of discretion on respondent's part. The Court will therefore sustain respondent's proposed collection actions.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered
for respondent.