**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

GEORGE EDWARD BOYD,

　　　　Defendant - Appellant.

No. 11-6189

(W.D. Oklahoma)

(D.C. Nos. 5:11-CV-00589-C and 5:08-CR-00237-C-1)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and petitioner George Boyd was convicted by a jury of seven counts of signing false personal federal income tax returns, in violation of 26

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 7206(1), and seven counts of making false claims for tax refunds, in violation of 18 U.S.C. § 287. His conviction was affirmed on direct appeal by this court. See United States v. Boyd, 378 Fed. Appx. 841 (10th Cir. 2010). Mr. Boyd then sought relief under 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence, which the district court denied. He now seeks a certificate of appealability ("COA") to enable him to appeal that adverse determination. For the following reasons, we deny Mr. Boyd a COA and dismiss this matter.

## BACKGROUND

We derive the basic facts in this case from our decision on direct appeal:

> Defendant Boyd graduated from the United States Air Force Academy in June of 1971, and subsequently spent 22 years of active duty in the Air Force, retiring in September of 1993. In February 1998, Boyd . . . began working as a pilot for Atlas Air, a New York-based commercial freight company. Boyd continued to work as a pilot for Atlas Air until April 2009.
> Throughout his career with the Air Force, as well as during the first year following his retirement from the Air Force, Boyd filed federal income tax returns on behalf of himself and his wife. In the summer of 1995, Boyd received a notice from the Internal Revenue Service ("IRS") indicating they had recalculated the gross income he had reported on his 1994 tax return and that, as a result, he owed an additional $2000 in federal income taxes. After attempting unsuccessfully to communicate with the IRS regarding this matter, Boyd ultimately paid the additional taxes.

Boyd, 378 Fed. Appx. at 843.

Subsequently, after talking to a friend and attending several meetings of a purported constitutional law study group, Mr. Boyd concluded that, based upon his own review of the Internal Revenue Code ("IRC"), "any 'private income,' which he classified as income from sources other than the federal government, was not federally taxable." Id. Accordingly, in his 1995 federal tax return, Mr. Boyd reported as income only the military retirement pay he received from the federal government.

Mr. Boyd failed to file federal income tax returns for the years 1996 through 2002. In 1998, the IRS sent Mr. Boyd a statutory notice of a tax deficiency for the 1996 tax year. The IRS sent him similar notices for the tax years 1997 and 1998. Mr. Boyd responded, claiming he was not responsible for federal income taxes for those years. The IRS then assessed the tax, penalties and interest for those years and sent Mr. Boyd notices of payments due, in the amount of $26,190 for 1996, $17,252 for 1997 and $29,763 for 1998. In May 2002, the IRS mailed to Mr. Boyd final notices of intent to levy and informed him of the right to a collection due process hearing under 26 U.S.C. § 6330.

Mr. Boyd requested a collection due process hearing, and stated that he intended to make an audio recording of the meeting. When the IRS refused to allow such a recording, the hearing was called off and an IRS appeals officer issued a notice of determination sustaining the proposed levy.

Mr. Boyd appealed to the Tax Court, which entered summary judgment in favor of the IRS and imposed a $2,500 penalty on Mr. Boyd for instituting a proceeding primarily for delay. Mr. Boyd unsuccessfully appealed the Tax Court's decision, first to federal district court and then to our court. Boyd v. United States, 121 Fed. Appx. 348, 349 (10th Cir. 2005).

In the subsequent tax years, through 2007, Mr. Boyd filed tax returns continuing to declare he had received zero income. For those years, he excluded from his tax returns a total of $712,559.68 in total wages, and reported a total of $6,102 in federal income taxes owed to the government. His claims for refunds for those years included $49,498 of Medicare and Social Security withholdings.

On September 10, 2008, a federal grand jury indicted Mr. Boyd on twelve criminal counts arising out of his tax returns filed for the years 2001 through 2006. On December 2, 2008, a federal grand jury returned a fourteen-count superceding indictment against Mr. Boyd. Counts one through seven charged him with violating 26 U.S.C. § 7206(1) by signing false personal federal income tax returns for the years 2001 through 2007. Counts eight through fourteen charged Mr. Boyd with violating 18 U.S.C. § 287 by making false claims for tax returns (seeking refunds of his annual Medicare and Social Security withholdings) during those same seven years.

Mr. Boyd moved to dismiss counts eight through fourteen, claiming that they were lesser included offenses of the charges in counts one through seven. The district court denied his motion.

The case proceeded to trial on April 13, 2009. After two and one-half days, the jury found Mr. Boyd guilty of all fourteen charges. The district court then sentenced him to thirty-three months' imprisonment, followed by three years of supervised release. Mr. Boyd was also ordered to pay restitution in the amount of $113,053.

Mr. Boyd filed the instant § 2255 petition on May 13, 2011, arguing: (1) the court lacked jurisdiction because there is no law making Mr. Boyd liable for income tax and "Title 18, section 7, limits the U.S. territorial jurisdiction to territory outside the 50 states"; (2) a person's right to labor is a constitutionally protected right; (3) the IRS and the prosecutor committed fraud on the court; (4) the IRS and the prosecutor violated Mr. Boyd's rights to privacy, to labor, to due process and to confront accusers; (5) Mr. Boyd's defense counsel was ineffective; and (6) the IRC violates the vagueness doctrine.

The district court succinctly rejected Mr. Boyd's petition:

> Grounds One through Four and Six were not raised on appeal and are therefore waived unless Defendant can show cause and actual prejudice resulting from the errors of which he complains. Even if these grounds are not deemed waived, they continue to raise the same muddled logic that Mr. Boyd has expressed throughout these and underlying tax proceedings. If none of the legal process this Defendant has borne over the last 12 years has persuaded him that his

> interpretation of the Internal Revenue Code is wrong, this Court sees
> no purpose to be served in explaining further.

Mem. Op. & Order at 1-2, R. Vol. 1 at 514-15 (citation omitted). The court then

rejected the only remaining claim, Mr. Boyd's claim that his counsel was

ineffective, on its merits, stating, "[n]one of the omissions or errors asserted by

Defendant amount to violations of prevailing professional norms, and more

importantly, Defendant has not shown a reasonable probability that but for the

alleged errors, the outcome would have been different." Id. at 2. The court also

denied Mr. Boyd a COA. Accordingly, Mr. Boyd asks this court for a COA.

## DISCUSSION

To obtain a COA, Mr. Boyd must make a "substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c). This standard requires a

"demonstration that . . . includes showing that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(internal quotation marks omitted). When the district court rules on the merits of

a constitutional habeas claim, the petitioner must show that "reasonable jurists

would find the district court's assessment of the constitutional claims debatable or

wrong." Id. Where the district court rules on procedural grounds, a COA may

issue when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

Mr. Boyd makes essentially the same arguments here that he made in the district court. Thus, he argues the district court lacked jurisdiction; a citizen's right to labor is a constitutionally protected right not a "government controlled privilege subject to taxation"; the IRS and the prosecutor committed fraud on the court; various constitutional rights were violated by the IRS and the prosecutor; he received ineffective assistance of counsel; and the IRC is unconstitutionally vague.

Besides the district court's conclusion that all of Mr. Boyd's arguments except for his ineffective assistance of counsel claim had been waived, with which we agree, we also agree with the district court that they are meritless, in any event. His arguments amount to a wholesale attack on the validity of the IRC and the authority of the IRS. These arguments have been roundly rejected on many previous occasions.[1]

The bulk of Mr. Boyd's brief is dedicated to the proposition that there is no law or statutory authority, in the IRC or anywhere, making him liable for income

---

[1]We note that Mr. Boyd paid his taxes for many years before having his apparent epiphany suggesting that no such obligation continued.

-7-

taxes.[2] This argument has been repeatedly rejected by this court and many others. See Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (holding that an argument that "no statutory authority exists for imposing an income tax on individuals" is "completely lacking in legal merit and patently frivolous"); see also United States v. Dawes, 874 F.2d 746, 750-51 (10th Cir. 1989), overruled on other grounds, 895 F.2d 1581 (10th Cir. 1990); Charczuk v. Commissioner, 771 F.2d 471, 472-73 (10th Cir. 1985); United States v. Stillhammer, 706 F.2d 1072, 1077-78 (10th Cir. 1983).

Mr. Boyd's jurisdictional argument is based upon his assertion that there is no statutory authority for the imposition of income tax on him; therefore, the court lacked subject matter jurisdiction over him. Our abundant case-law rejecting his argument about statutory authority to tax disposes of this argument. We have also rejected the argument that the term "income" as used in the tax statutes is unconstitutionally vague, so Mr. Boyd's generalized vagueness arguments must fail.

Mr. Boyd's other arguments have been waived, with the exception of his argument about ineffective assistance of counsel. We agree wholeheartedly with

---

[2]Mr. Boyd blatantly includes further elaboration of his legal arguments in his appendices, and he asks us to read those as a supplement to his brief. We view this as an obvious attempt to avoid the page and word number restrictions for briefs contained in our Rules. See Fed. R. App. P. 32 (7) (describing the page and type-volume limitations on briefs). We accordingly decline to review Mr. Boyd's additional arguments contained in appendices attached to his briefs.

the district court's disposition of this claim, finding no reasonable jurist could disagree with the court's assessment that Mr. Boyd's counsel was not ineffective. Mr. Boyd cannot demonstrate ineffectiveness by arguing that his attorney failed to make arguments that are frivolous and have been repeatedly rejected by our court and others.

## CONCLUSION

For the foregoing reasons, we DENY a  COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge